IN RE:

    SHERYL L. WILLIAMS,                    Case No. 14-21663-dob
          Debtor.                                   Chapter 7 Proceeding
                                                        Hon. Daniel S. Opperman
_____/

## OPINION DENYING MOTION FOR RECONSIDERATION
## OF CONSENT ORDER FOR INJUNCTIVE RELIEF

On October 1, 2014, this Court signed a Consent Order for Injunctive Relief and Return of Payment to the Debtor ("Order"). Mary J. McDonald-Barnes signed the Stipulation to allow the entry of the Order. Ms. McDonald-Barnes now requests that this Court reconsider the Order, claiming that she did not give legal advice to the Debtor and signed the Stipulation under stress and without knowing that she would be permanently barred from representing clients throughout the entire United States. The United States Trustee ("UST") opposes her request. For the reasons stated in this Opinion, the Court denies the relief requested.

### Findings of Fact

Ms. McDonald-Barnes appears in this case as a bankruptcy petition preparer. This case was not remarkable until October 1, 2014, when the UST and Ms. McDonald-Barnes signed and filed a Stipulation for Entry of Consent Order for Injunctive Relief and Return of Payment to the Debtor. The parties stipulated to the Order, which states in pertinent part:

> THIS MATTER came before the Court on the present stipulation between the United States Trustee, by his counsel, and Mary J. McDonald-Barnes, pro se. The United States Trustee contacted Mary J. McDonald-Barnes seeking an injunction from the preparation of bankruptcy petitions for compensation. The Court is otherwise fully advised in this matter.

1

NOW, THEREFORE,

IT IS ORDERED that Mary J. McDonald-Barnes is hereby permanently enjoined in the Eastern District of Michigan from acting as a Bankruptcy Petition Preparer and from providing Bankruptcy Assistance to Assisted Persons, whether under her name or any other name or through any other corporate form.

IT IS FURTHER ORDERED that this Order does not prohibit Mary J. McDonald-Barnes from working under the direct supervision of an attorney as permitted under 11 U.S.C. § 110(a)(1).

On November 17, 2014, Ms. McDonald-Barnes filed a Motion for Reconsideration of Consent Order for Injunctive Relief. Ms. McDonald-Barnes denies providing legal advice to the Debtor, and also states:

> Before signing the original Consent Order, I contacted Powers & Chapman in Detroit, MI (my Legal Shield Representative for consultation). I was advised by an attorney in this office to sign this consent because a $100.00 only had to be paid to the debtor and that was a nominal fee. I informed Powers & Chapman that this was not true and that my name would be marred in the United States Bankruptcy Court. I told Powers & Chapman that your name is all that you have and that this was an untrue statement. I signed the document under stress. I signed this document not knowing that I would be permanently being barred from representing clients throughout the entire United States.

Attached as Exhibit 2 is a September 12, 2014, letter from the UST to Ms. McDonald-Barnes. Portions of this letter state:

> You are receiving this letter because you prepared for compensation documents for filing with the Bankruptcy Court in the above referenced case. The Debtor has provided information regarding your contact with her that has given this office cause for concern.
>
> . . .
>
> According to information provided by the Debtor, you have violated one or more of the provisions of 11 U.S.C. §110; specifically providing legal advice.
>
> It is the duty of the United States Trustee to monitor the activity bankruptcy petition preparers and seek appropriate remedies against them. In lieu of filing a complaint against you to address these violations, I have prepared and enclosed a

2

consent agreement for your consideration. Essentially, the agreement will prohibit you from preparing bankruptcy documents for filing in the future, unless under the employ of an attorney, and will required the return of $100.00 to the Debtor. If you are amenable to this agreement, please sign and return it to me as soon as possible. If I do not receive the agreement, or otherwise here [sic.] from you, before September 24, 2014 this office will proceed as appropriate.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Applicable Law

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir.

2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

In situations where a motion seeking a reversal of an order is untimely, a court may grant relief under Federal Rule of Civil Procedure 60(b)(1) for excusable neglect. Accordingly, "the inquiry into whether the neglect is excusable 'is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" *Norpak Corp. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 131 F.3d 1185, 1188 (6th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.,* 507 U.S. 380, 395 (1993)).

The factors to be considered include:

(1) Danger of prejudice to the other party;

(2) Length of delay and its potential impact on judicial proceedings;

(3) Reason for the delay;

(4) Whether the delay was within the reasonable control of the late party; and

(5) Whether the late party acted in good faith.

*Eagle-Picher*, 131 F.3d at 1188 (relying on *Pioneer Inv.*, 507 U.S. at 395).

A variation on test in a default judgment context was used in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983): (1) Whether the plaintiff will be prejudiced; (2) Whether the defendant has a meritorious defense; and (3) Whether culpable conduct of the defendant led to the default.

Ordinary negligence cannot be a basis for excusable neglect. *See Saxion v. Titan-C-Mfg.,*

4

*Inc.*, 86 F.3d 553, 558 n.1 (6th Cir. 1996) ("[A] litigant's carelessness or negligence does not constitute grounds for relief under Rule 60(b)(1)."). However, gross negligence may, depending on the circumstances. *See Whitaker v. Associated Credit Servs., Inc.,* 946 F.2d 1222, 1224 (6th Cir. 1991) ("[I]t is well-established that while gross negligence is generally not enough to set aside a judgment under Rule 60(b)(1), mistakes made as a result of excusable neglect may be set aside, especially if under the circumstances, it would be equitable to do so.").

Analysis

The Court finds that the UST clearly stated the reason it thought Ms. McDonald-Barnes should be enjoined and the remedy of an injunction barring her from acting as a bankruptcy petition preparer in this District. Both the September 12, 2014, letter and the Order state as such. Moreover, there is no deviation in the language between the letter and the Order. There is no confusion in this language. The Court finds Ms. McDonald-Barnes could not have been confused by the clear and direct language in either the letter or the Order. The Motion falls short of establishing any legal basis to reconsider the Order or showing excusable neglect. Although the Court notes Ms. McDonald-Barnes now disputes that she gave legal advice, there is no showing that she could not have raised this issue earlier, and there is no showing that she now has newly discovered evidence. In total, the Court does not find sufficient grounds to grant either a motion for reconsideration or to find excusable neglect.

Before closing, the Court notes that Ms. McDonald-Barnes perhaps reads the Order too broadly. First, the Order only prohibits her from acting as a bankruptcy petition preparer in this District, not nationwide as she stated in her Motion. Second, the Order does not prohibit her from working under the direct supervision of an attorney as allowed by 11 U.S.C. § 110(a)(1). Ms.

5

McDonald-Barnes has options, just not as many as she did prior to the Order. There is no need to prevent manifest injustice or prejudice that warrants reversal of the Order.

Finally, written consent to the entry of orders must mean something. While it is possible that Ms. McDonald-Barnes felt pressure to sign the Stipulation, that alone does not suffice. To allow and hold otherwise would invite reconsideration or reversal of countless orders entered by agreement. Since the record in this case does not warrant a finding of either a palpable defect or excusable neglect, the Court denies the relief requested by Ms. McDonald-Barnes.

cc:    Sheryl Williams
       Mary McDonald-Barnes

**Signed on January 14, 2015**

          **/s/ Daniel S. Opperman**
          **Daniel S. Opperman**
          **United States Bankruptcy Judge**